IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROJECT MANAGEMENT RESOURCE GROUP CORPORATION and CITISITE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NOKIA SOLUTIONS AND NETWORKS OY, NOKIA CORPORATION, JOHN DOES ONE THROUGH TEN, and NOKIA OF AMERICA CORPORATION,<br><br>Defendants. | Civil Action No. 23-893-RGA |

MEMORANDUM ORDER

Before me is Defendants' "Motion to Compel Arbitration and to Dismiss Plaintiff's Cornplaint, or, in the Alternative, to Stay Proceedings." (D.I. 12). Defendants' motion contains three parts: (1) a motion to compel arbitration; (2) a motion to dismiss, or, in the alternative, to stay this action while arbitration is pending, and (3) a motion to dismiss Defendants Nokia Solutions and Networks Oy, Nokia Corporation, and John Does One through Ten from this case for lack of personal jurisdiction. I have considered the parties' briefing. (D.I. 13, 16, 17).

I. PERSONAL JURISDICTION

Defendants contends that this Court lacks personal jurisdiction over Nokia Solutions and Networks Oy, Nokia Corporation, and John Does One through Ten. (D.I. 13 at 12). Plaintiffs do not address Defendants' arguments, aside from insisting dealing with personal jurisdiction disputes is unnecessary at this juncture. (D.I. 16 at 4 n. 2). Plaintiff's position conflicts with binding case law. The Supreme Court has held that a district court must have jurisdiction to pass

1

judgment on a motion to compel arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983) ("Section 4 [of the Federal Arbitration Act] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute . . . . Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence.").

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a case based on the court's lack of personal jurisdiction over that party.[1] When reviewing a motion to dismiss pursuant to Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Turner v. Prince George's County Public Schools*, 694 F. App'x 64, 66 (3d Cir. 2017). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Defendants Nokia Solutions and Networks Oy and Nokia Corporation are Finnish corporations with principal places of business in Finland. (D.I. 1 ¶¶ 15–16). Defendants John Does One through Ten are identified as "affiliates of the Nokia Corporation." (*Id.* ¶ 17). The Complaint does not allege that these Defendants have sufficient contacts with Delaware. Plaintiff's Answering Brief provides no further explanation. I will dismiss Defendants Nokia

---

[1] While Defendants do not cite a specific rule, the assertion of lack of personal jurisdiction in their briefing invokes Rule 12(b)(2). (*See* D.I. 13 at 12–13).

Solutions and Networks Oy, Nokia Corporation, and John Does One through Ten under Rule 12(b)(2).

The Court's personal jurisdiction over Defendant Nokia of America Corporation is not in dispute. I address the remaining issues as they pertain to Nokia of America.

## II. MOTION TO COMPEL ARBITRATION

Defendants maintain that the arbitration clauses of three different contracts mandates arbitration. (*See* D.I. 13 at 6–10). Plaintiffs agree that the claims at hand should be sent to an arbitrator. (D.I. 16 at 2). Plaintiff's only argument for denying Defendants' motion to compel arbitration is that it is "unnecessary." (*Id.* at 3). While I do not doubt the parties' intentions to cooperate in pursuing arbitration, I believe it makes sense to issue Defendants' requested order to ensure parties do so in a timely manner. I will grant the motion to compel arbitration between Plaintiffs and Nokia of America.

## III. STATUS OF THE PRESENT ACTION

Defendants move to dismiss this case in light of the forthcoming arbitration. (D.I. 13 at 10). Defendants alternatively move to stay this case. (*Id.*). Plaintiffs oppose dismissal, but agree this case should be stayed. (D.I. 16 at 4).

Defendants concede that district courts typically stay proceedings while arbitration is pending. (*See* D.I. 13 at 10). Defendants nevertheless argue that I have, and should exercise, discretion to dismiss this case as "all the issues raised are arbitrable and must be submitted to arbitration." (*See id.* at 10–11 (citing *Taylor v. Dover Downs, Inc.*, 543 F. Supp. 3d 39, 46 (D. Del. 2021))). Defendants are incorrect in stating that I have such discretion. The Third Circuit has interpreted Section 3 of the Federal Arbitration Act as "afford[ing] a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration."

3

*Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004); *see* 9 U.S.C. § 3. I will therefore stay the case pending resolution of arbitration proceedings.[2]

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motion (D.I. 12) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

Defendants Nokia Solutions and Networks Oy, Nokia Corporation, and John Does One through Ten are **DISMISSED** for lack of personal jurisdiction.

Defendants' motion to compel arbitration is **GRANTED** with respect to Plaintiffs and the remaining Defendant, Nokia of America.

Defendants' motion to dismiss this action pending arbitration is **DENIED**. Defendants' alternative motion to stay is **GRANTED**.

The parties are directed to work together to select the governing organization(s), rule(s) and venue(s) in which to pursue arbitration. The parties should provide the Court with a status update within thirty (30) days of this memorandum order.

IT IS SO ORDERED.

Entered this 24th day of May, 2024

/s/ Richard G. Andrews
United States District Judge

---

[2] Even if I had the authority to do so, I would not dismiss the present action. As the Third Circuit noted, a district court can still help arbitrating parties resolve certain disputes, such as those related to arbitrator selection and appointment. *See Lloyd*, 369 F.3d at 270. "Given the differing arbitration sponsoring organizations, differing arbitration rules[,] and differing arbitration venues identified in the [arbitration] clauses" to which the parties are subject (D.I. 16 at 1; *see* D.I. 1-1 ¶ 18; D.I. 1-2 ¶ 16; D.I. 1-3 ¶ 9.3), it makes sense for this Court to remain available should the parties require further assistance.